IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SCHAFFER'S AUTOMOTIVE LLC        :   CIVIL ACTION – LAW
4579 NORTH TWIN VALLEY RD.       :   DOCKET NO. 2:22-cv-3353
ELVERSON, PA 19520               :
    And                          :   JURY TRIAL DEMANDED
WILLIAM SCHAFFER                 :
4579 NORTH TWIN VALLEY RD.       :
ELVERSON, PA 19520               :
    and                          :
RONALD SCHAFFER                  :
4579 NORTH TWIN VALLEY RD.       :
ELVERSON, PA 19520               :
    and                          :
LEONA SCHAFFER                   :
4579 NORTH TWIN VALLEY RD.       :
ELVERSON, PA 19520,              :
              PLAINTIFFS  :
                                 :
        V.                    :
                                 :
CAERNARVON TOWNSHIP              :
3307 MAIN STREET                 :
P.O. BOX 294                     :
MORGANTOWN, PA 19543             :
    and                          :
SANDRA STYER, CHAIRMAN           :
CAERNARVON TOWNSHIP              :
3307 MAIN STREET                 :
P.O. BOX 294                     :
MORGANTOWN, PA 19543             :
    and                          :
PAUL WHITEMAN, JR.,              :
 VICE CHAIRMAN                 :
CAERNARVON TOWNSHIP              :
3307 MAIN STREET                 :
P.O. BOX 294                     :
MORGANTOWN, PA 19543             :
    and                          :
JEFFREY VICKERS, SUPERVISOR      :
CAERNARVON TOWNSHIP              :
3307 MAIN STREET                 :
P.O. BOX 294                     :
MORGANTOWN, PA 19543             :
    And                          :

```
ALLEN STYER, III., SUPERVISOR     :
CAERNARVON TOWNSHIP               :
3307 MAIN STREET                  :
P.O. BOX 294                      :
MORGANTOWN, PA 19543              :
        And                       :
JACK HESS, SUPERVISOR             :
CAERNARVON TOWNSHIP               :
3307 MAIN STREET                  :
P.O. BOX 294                      :
MORGANTOWN, PA 19543              :
        and                       :
JOHN ADAMS, DISTRICT ATTORNEY     :
BERKS COUNTY DISTRICT             :
 ATTORNEY'S OFFICE                :
633 COURT STREET                  :
FIFTH FLOOR SERVICES CENTER       :
READING, PA 19601                 :
        and                       :
CHAD EBERLY, POLICE OFFICER       :
CAERNARVON TOWNSHIP               :
 POLICE DEPARTMENT                :
3307 MAIN STREET                  :
P.O. BOX 294                      :
MORGANTOWN, PA 19543              :
        and                       :
MATTHEW MENNA, POLICE OFFICER     :
CAERNARVON TOWNSHIP               :
 POLICE DEPARTMENT                :
3307 MAIN STREET                  :
P.O. BOX 294                      :
MORGANTOWN, PA 19543,             :
                   DEFENDANTS     :
```

# I. CIVIL COMPLAINT

The Plaintiffs, Schaffer Automotive, LLC, William Schaffer, Ronald Schaffer, and Leona Schaeffer, by their counsel Samuel C. Stretton, Esquire, respectfully bring the following complaint seeking both injunctive relief and civil rights and related relief for the following reasons and request a trial by jury.

1)   The Plaintiff, Schaffer Automotive, LLC, is a limited liability corporation organized pursuant to the laws of the Commonwealth of Pennsylvania, with a business address of 4579 North Twin Valley Road, Elverson, Pennsylvania 19520.

2)   The Plaintiff, William Schaffer, is a resident of the Commonwealth of Pennsylvania with a business address of 4579 North Twin Valley Road, Elverson, Pennsylvania 19520. He is a one third shareholder in Schaffer Automotive, LLC.

3)   The Plaintiff, Ronald Schaffer, is a resident of the Commonwealth of Pennsylvania with a business address of 4579 North Twin Valley Road, Elverson, Pennsylvania 19520. He is a one third shareholder in Schaffer's Automotive, LLC.

4)   The Plaintiff, Leona Schaffer, is a resident of the Commonwealth of Pennsylvania with a business address of 4579 North Twin Valley Road, Elverson, Pennsylvania 19520. She is also a one third shareholder in Schaffer's Automotive, LLC. All four Plaintiffs will be referred to as "parties" going forth.

5)    The Plaintiffs are in the car towing business and salvage yard business, with the purpose of towing cars and salvage.

6)    The Defendant, Caernarvon Township, is a dully organized political and governing body, organized pursuant to Pennsylvania statutes for the purpose of governing Caernarvon Township with a business address of 3307 Main Street, P.O. Box 294, Morgantown, Pennsylvania 19543.

7)    The Defendant, Sandra Styer, is Chairman of the Caernarvon Township Borough Board of Supervisors and has the business address of 3307 Main Street, P.O. Box 294, Morgantown, Pennsylvania 19543.

8)    The Defendant, Paul Whiteman, Jr., is Vice Chairman of Caernarvon Township Borough Board of Supervisors and has the business address of 3307 Main Street, P.O. Box 294, Morgantown, Pennsylvania 19543.

9)    The Defendant, Jeffrey Vickers, is the Supervisor of Caernarvon Township Borough Board of Supervisors and has the business address of 3307 Main Street, P.O. Box 294, Morgantown, Pennsylvania 19543.

10)   The Defendant, Allen Styer, III, is a Former Supervisor of Caernarvon Township Borough Board of Supervisors and has the business address of 3307 Main Street, P.O. Box 294, Morgantown, Pennsylvania 19543.

11) The Defendant, Jack Hess, is a Former Supervisor of Caernarvon Township Borough Board of Supervisors and has the business address of 3307 Main Street, P.O. Box 294, Morgantown, Pennsylvania 19543.

12) The Defendant, John Adams, is the District Attorney of Berks County, Pennsylvania with a business address of 633 Court Street, Fifth Floor, Services Center, Reading, Pennsylvania, 19601.

14) The Defendant, Chad Eberly, is a Police Officer of Caernarvon Township Police Department with a business address of 3307 Main Street, P.O. Box 294, Morgantown, PA 19543.

15) The Defendant, Matthew Menna, is a Police Officer of Caernarvon Township Police Department with a business address of 3307 Main Street, P.O. Box 294, Morgantown, PA 19543.

16) At all pertinent times, the Defendants acted either directly or by and through their agents, services, and employees in course and scope of their employment.

17) At all pertinent times, the Defendants, acted under color of state law.

18) The Defendants are sued individually.

## II. JURISDICTION

19) This Honorable Court has jurisdiction since the Defendants' conduct violated the United States Constitution under the First Amendment through the Fourteenth Amendment due

to actionable retaliation. This suit is brought pursuant to 42 U.S.C.A. 1983, alleging constitutional violations through the First and Fourteenth Amendments of the United States Constitution for violations of retaliations and due process and the Fourteenth Amendment prohibition on interference with a common occupation and business. There is also jurisdiction for state causes of action including retaliation and interreference with business relations. There is also a breach of contract. The federal jurisdiction is found under 28 U.S.C.A. 1331, giving Federal District Courts jurisdiction over all civil actions arising under the Constitution or law of the United States.

### III. PERTINENT FACTS

20)  The Plaintiffs, William Schaffer, Ronald Schaffer, and Leona Schaeffer, run a family business, the Plaintiff, Schaffer's Automotive, LLC, with the purpose of car towing and salvage in Caernarvon Township and the surrounding townships and counties. Originally the business was owned by their grandfather and then father of the Plaintiff, Ronald Schaffer and William Schaffer, and was originally known as Schaffer's Salvage. In 2013 the father passed away and the business name was changed to Schaffer Automotive LLC and has the business purpose of essentially just towing motor vehicles and salvaging motor vehicles. It is owned by all three Plaintiffs, two brothers and

their mother through their dual ownership of the Plaintiff,
Schaffer's Automotive, LLC.

21) For six years, until September 10th, 2020, the
Defendant, Caernarvon Township and other Defendants, have used
the Plaintiffs' towing company, Schaffer's Automotive, LLC, to
tow vehicles, and for storage of vehicles, particularly when
there is police involvement with the vehicle.

22) Caernarvon Township in or about 2017, almost
exclusively started to use the Plaintiffs' business for towing
vehicles in Caernarvon Township. Before that, Plaintiffs did
some work with Caernarvon Township but did towing in all the
surrounding townships.

23) Sometime in 2020 a skid loader was placed by the
Caernarvon Township Police to be stored by the Plaintiffs at the
business address of the Plaintiffs. The Caernarvon Township
Police Department, telephoned the Plaintiffs and asked them to
pick up the skid loader because it has been recovered as an
object that had been stolen. The skid loader was then placed on
the property at 4579 North Twin Valley Road, Elverson,
Pennsylvania, 19520, for storage of the Plaintiffs at the
direction of the Defendant Township and the Defendant Police
Officers.

24) The skid loader remained in storge with the Plaintiffs
for approximately seven months' time for which there was a bill

due of approximately $6,000.00 as a result of the skid loader being left on the property by the Defendant Caernarvon Township and their police department.

25) The Plaintiffs had periodically called the owner of the skid loader, Ronald Moore, asking him to pick up the skid loader and pay the invoice. That person whose name was Ronald Moore, repeatedly said he would pick the skid loader up but never did.

26) On or about September 10th, 2020 at the direction of the defendant, Berks County District Attorney, John Adams, the District Attorney's Victim Unit, telephoned the defendant, Caernarvon Township Police Department and asked that they contact the Plaintiffs and tell the Plaintiffs to forego the $6,000.00 plus dollars owed to them in storage fees by Mr. Moore.

27) As a result, and at the direction of the Defendant, District Attorney John Adams, Caernarvon Township Police Officer, Corporal Chad Eberly, also a Defendant, telephoned the Plaintiff, William Schaffer, on or about September 10th, 2020 and told him that the Police Department and District Attorney wanted him to give up his claim for the storage fees and give Mr. Moore the skid loader back without paying any storage or towing fees. The Plaintiff, William Schaffer, told Corporal Eberly that he was unwilling to do so since he had contacted Mr. Moore numerous

times and asked him to pick the skid loader up and to make some payments and Mr. Moore never did so but would tell him he'd pick the skid loader up and then would proceed to never appear even though the Plaintiffs were waiting for him.

28)  The Defendant, Corporal Chad Eberly had told Mr. Schaffer that the Defendant, District Attorney John Adams, was extremely upset and Corporal Eberly said if the Plaintiffs did not agree to forgive the storage and towing fees, that the Plaintiffs would get no more car towing and there could be other consequences. This was all said at the direction and instructions of the Defendant, John Adams. Corporal Eberly said if the Plaintiffs did not forgive the debt, the police and Defendant township would change the way they were doing business with the Plaintiffs for car towing and there would be consequences for the Plaintiffs. These threats and statements were all done at the direction of all of the Defendants, including John Adams and Caernarvon Township and Township Officials, all Defendants.

29)  The Plaintiff, William Schaffer, immediately telephoned the then Acting Chief of Police of Caernarvon Township, the Defendant, Matthew Menna, and complained about the telephone call of Corporal Eberly with the threats of no more business of towing, salvage and storage. The Defendant, the Acting Chief of Police, Matthew Menna, told the Plaintiff,

7

William Shaffer, that he was not changing what was said by Corporal Eberly and that that was the way things would be and too bad for them, unless the Plaintiffs agreed to forgive the debt. The Defendant, acting Police Chief Menna, indicated he had the approval of all the Defendants, and the Defendant, John Adams the District Attorney in this retaliating threat to prevent any towing business to the Plaintiffs.

30) After September 10th, 2020, the Defendant borough and all Defendants, in retaliation, stopped referring any towing and car business and storage business to the Plaintiffs with the rare exception that if other towing companies did not want to make the tow, only then would the Plaintiffs be called. As a result, the Plaintiffs suffered a severe business and revenue loss and severe emotional distress all to their great detriment. Before the September 10, 2020 phone calls by the Defendants, the Plaintiffs were receiving approximately 10-15 towing job requests a month from the Defendants and after the phone calls the Plaintiff received no other calls. The Defendants started to use other towing businesses not in the township and substantial distance away.

31) A week after the September 10, 2020 calls and others by the Defendants, the Plaintiff spoke to the Defendants, Allen Styer and Sandra Styer, who said they would look into the complaint. They told the Plaintiffs to fill out a complaint

8

form. The Defendants took no steps to rectify the situation or
rescind the threats.

32) All the defendants then took steps and actions to
undermine the business contracts of the Plaintiffs had with the
surrounding townships and boroughs, and tried to make sure that
no further business was given to the Plaintiff's towing company
by other townships.

33) Former Caernarvon Township Police Chief, John Scalia,
stated that he received a phone call from Police Chief, Dennis
Cassel, Jr., of Robeson Township. Chief Cassel wanted to know
what was going on with the Plaintiffs and their towing business
with Caernarvon Township and their Police Department since they
were being told by the Defendants not to do any towing services
with the Plaintiffs. As a result of those calls by the
Defendants, either directly or through their agents, servants,
and employees, Robinson Township stopped referring any car
towing business to the Plaintiffs.

34) At all pertinent times, the Defendants acted through
their agents, servants, and employees and in the course of and
in scope of their employment. At all pertinent times, the
Defendants acted under cover of state law.

35) The Plaintiffs towing and salvage business has
substantially decreased as a direct result of the conduct of the
Defendants, to the extent that their business has been reduced

by 16-20%. They have lost a substantial amount of money, approximately $5,000.00 or more each month since September 10, 2020 through the present time.

36)   The Plaintiffs have contacted the Defendant, Caernarvon Township, and other Defendants, have filed a written complaint with the Defendants and discussed that complaint with them at an open township meeting. The Defendants have refused to change this policy through the present time of the retaliation against the Plaintiffs to undermine their business at the direction of the Defendant, District Attorney, John Adams, and all the Defendants.

37)   All Defendants, despite repeated requests, have failed to change their actions or have failed to rescind the prohibition against providing any business to the Plaintiff's car towing and salvage business and have done everything they can to undermine and interfere with other business contracts for towing of the Plaintiffs.

## IV. INJUNCTIVE RELIEF – INJUCTION ENJOINING ALL DEFENDANTS

38)   Paragraphs 1 through 37 are incorporated by reference.

39)   The Plaintiffs have no adequate remedy of law due to the misconduct of the Defendants in retaliating against them and undermining their business and interfering with business contracts. The Plaintiffs have suffered irreparable harm and loss of business.

40)   The Plaintiffs are seeking permanent injunctive relief against all the Defendants and to enjoin them from prohibiting and interfering with the Plaintiffs' business and prohibiting the Defendants from retaliating against the Plaintiffs, as the Plaintiffs have the right to business and exercising their right to speech to refuse illegal and improper orders of the Defendants.

41)   The Plaintiffs request for a permanent injunction is needed since it is necessary to prevent the irreparable harm that cannot be compensated by damages, greater harm would result from refusing the injunction, the right to relief is clear and the injunction will abate the offending activity and public interest will not be harmed.

42)   Wherefore, the Plaintiffs respect this Honorable Court enter a permanent injunction against the Defendants and enjoin them from retaliating against their business interest and contracts and enjoining them from violating their First, Fourth and Fourteenth Amendment rights under the United States Constitution, from interfering with their ongoing business.

## V. VIOLATION OF THE FOURTEENTH AMENDMENT'S RIGHT TO HAVE AN ONGOING BUSINESS FREE FROM GOVERNMENT RESTRICTIONS AND ACTIVITIES AND VIOLATION OF THE FOURTEENTH AMENDMENT'S RIGHT TO DUE PROCESS

43)  The Plaintiffs incorporate by reference paragraphs 1 through 42.

44)  The Plaintiffs run an automobile salvage and towing business for many years in the Defendants' township and tow, store, and salvage cares and received regular business from the all of the Defendants.

45)  The Plaintiffs contend that the action of Defendant, District Attorney John Adams, in retaliating and punishing them because they refused to waive their storage fee, as ordered by the direction of Defendant Adams, through the Defendants Township, Defendant Supervisors and the Defendant Police Officers, undermined and destroyed the Plaintiffs' business and precluded them from getting other further towing business and also told other townships and business not to use them, and this violated their Fourteenth Amendment right to engage in business and engaging in a common business occupation and further violated their Fourteenth Amendment right to due process since they have been deprived of their business without any hearing or due process of law.

46)  As a direct result of the Defendants' conduct, the Plaintiffs have suffered severe loss of revenue and business, not only in Caernarvon Township but surrounding areas have been subject of harassment by the Defendants.

47)   Because of the Defendants' conduct, the Plaintiffs have suffered severe economic loss and also mental and emotional distress, all to their great detriment.

48)   The Defendants' conduct is malicious and wanton and the Plaintiffs are seeking further punitive damages.

49)   Wherefore, the Plaintiffs respectfully request this Honorable Court find that the Fourteenth Amendment of the United States Constitution is violated and award the appropriate damages in the excess of $50,000.00, plus punitive damages, plus interest costs and attorney fees.

## VI.  RETALIATION DAMAGES PURSUANT UNDER THE FIRST AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION

50)   The Plaintiffs incorporate paragraphs 1 through 49 by reference.

51)   The Plaintiffs contend that their constitutionally guaranteed right of the First Amendment of association has been violated by the retaliatory actions by all Defendants, particularly Defendant, District Attorney John Adams, the Defendants Police Officers Eberly and Menna, and the Defendant Township and the Defendant Council holders, have taken steps to destroy and undermine their business and revenue, and right to occupation.

52)   The First Amendment of the United States Constitution protects speech, liberty and the right to associations and the

13

Plaintiffs are being punished by retaliatory action by all the Defendants due to the Plaintiffs' refusal to agree to and accept the prohibition against charging for storage, resulting in retaliation because of their First Amendment assertion.

53)  As a result, the Plaintiffs have had severe economic loss and damages to their towing business and have suffered extreme mental and emotional distress, all to their great detriment.

54)  The Defendants' conduct here has been malicious, intentional, wanton and reckless and punitive damages are requested.

55)  Wherefore, the Plaintiffs respectfully request this Honorable Court find the Defendants in violation of the First and Fourteenth Amendments of the United States Constitution due to their retaliatory conduct and award damages in excess of $50,000.00 plus interest, costs, and attorney fees.

## VII. TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

56)  The Plaintiffs incorporate paragraphs 1 through 55 by reference.

57)  The Plaintiffs had an existing contractual relationship with the Defendants, including Caernarvon Township, to receive towing, storage and salvage work and have been receiving that for a number of years.

58)   There was an existing contractual relationship and future business relationship.

59)   The Defendant, District Attorney John Adams, and all of the Defendants interfered with the performance and this contract by inducing a breach and causing third parties not to perform, in other words, preventing the Plaintiffs from receiving any further towing work from Caernarvon Township and also seeking to prevent other townships and entities from referring towing work to the Plaintiffs.

60)   The Defendants are not privileged to act in this manner and in fact, were acting illegally and in violation of their duties as government officials and as individuals.

61)   The Plaintiffs have suffered severe economic loss or revenue in their towing business and further have suffered extreme emotional and mental distress, all to their great detriment.

62)   The Plaintiffs also contend the Defendants' conduct was malicious, wanton, reckless and are seeking punitive damages.

63)   Wherefore, the Plaintiffs respectfully request this Honorable Court find the tortious interference with their business relationship by the Defendants and award damages in the excess of $50,000.00 plus interest, costs, and attorney fees.

## VIII.  STATE RETALIATION AGAINST ALL DEFENDANTS

64)   The Plaintiffs incorporate paragraphs 1 through 63 by reference.

65)   The Plaintiffs are engaged in a legitimate business and protected activity. They have run their business in Caernarvon Township for many years.

66)   The Plaintiffs, at the request of the Defendant police officers and Defendant District Attorney John Adams, stored a vehicle for them while there was an ongoing criminal investigation. The storage was for a number of months and resulted in a storage fee of approximately $6,000.00, which was not paid.

67)   The conduct of the Plaintiffs was protected activity.

68)   The Defendant District Attorney, John Adams, and all other Defendants, retaliated and punished, and took adverse actions against the Plaintiffs, when the Plaintiffs failed to acquiesce to the Defendants' demand directed by the Defendant, District Attorney John Adams, that the Plaintiffs drop the charge for the storage of many months of approximately $6,000.00 and as a result, the Defendants did everything possible to end the business relationship of the Plaintiffs with the Defendants and give the Plaintiffs no more towing or local business and to take steps to interfere with the Plaintiffs previous contracts in other areas and townships.

69)   The conduct of the Defendants was direct retaliation between the business activities of the Plaintiffs and their protected activities and the adverse employment activities.

70)   As a result of the direct state retaliation, under state law, the Plaintiffs have suffered severe economic loss and damages, and loss of revenue, and further have suffered severe emotional and mental distress, all to their great detriment.

71)   The Defendants' conduct was also malicious, wanton, reckless and the Plaintiffs are seeking punitive damages.

72)   Wherefore, the Plaintiffs are respectfully contending that they are seeking damages in the excess of $50,000.00 due to the retaliation of the Defendants, and are seeking monetary damages, plus interest costs, and attorney fees.

## IX. BREACH OF CONTRACT

73)   The Plaintiffs incorporate paragraphs 1 through 72 by reference.

74)   The Defendant Township, Defendant Supervisors, Defendant Police Officers, had agreements to send towing, and storing salvage matters in the Caernarvon Township to the Plaintiffs' business.

75)   This agreement existed for a number of years and was in force until September 10th, 2020.

76)   The Defendants, at the direction of Defendant District Attorney John Adams, breached this contract of providing towing

business to the Plaintiffs without good reason or good cause.
The Defendants breached the contract when the Plaintiffs refused
to forego the valid storage fee at the direction of the
Defendants.

77)  As a result of the breach by all of the Defendants,
the Plaintiffs have suffered severe economic loss and loss of
business and revenue and suffered emotional and mental distress,
and loss of reputation to their great detriment.

78)  Wherefore, the Plaintiffs respectfully request damages
in the excess of $50,000.00, plus interest, costs, and attorney
fees be awarded to them.


Respectfully submitted,


*s/Samuel C. Stretton*
Samuel C. Stretton, Esquire
Attorney for Plaintiffs,
 Schaffer Automotive, LLC, et al.
103 South High St., P.O. Box 3231
West Chester, PA  19381-3231
(610) 696-4243
Attorney I.D. No. 18491

## VERIFICATION

I, William Schaffer, hereby verify that the facts set forth in the attached Complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements made herein are subject to the penalties of 18 Pa.C.S.A. Section 4904 relating to unsworn falsification to authorities.

Date: _8/22/2022_                    _William Schaffer_
                                     William Schaffer