IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Schaffer's Automotive LLC, et al. | : | |
| | : | |
| vs. | : | Civil Action No. 22-03353 |
| | : | |
| Caernarvon Township, et al | : | |

# ORDER

AND NOW, on this _____ day of _____, 2023, upon consideration of Defendant Caernarvon Township's Motion to Enforce Settlement and any response thereto, it is hereby **ORDERED** and **DECREED** that the Motion is **GRANTED**.

It is further **ORDERED** and **DECREED** that any and all claims asserted in Plaintiffs' Complaint against individual Defendants Chairman Sandra Styer, Vice Chair Paul Whiteman, Jr., Supervisor Jeffery Vickers, Supervisor Allen Styer, III, Supervisor Jack Hess, District Attorney John Adams, Detective Chad Eberly and Sergeant Matthew Menna are hereby DISMISSED WITH PREJUDICE.

It is further **ORDERED** and **DECREED** that Plaintiffs are to execute the Settlement Agreement within seven (7) days of this Order or suffer sanctions upon further application to the Court.

BY THE COURT:

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Schaffer's Automotive LLC, et al. | : | |
| | : | |
| vs. | : | Civil Action No. 22-03353 |
| | : | |
| Caernarvon Township; et al. | : | |

**DEFENDANT CAERNARVON TOWNSHIP'S MOTION TO ENFORCE SETTLEMENT**

   Defendant Caernarvon Township, by and through its undersigned counsel, Marshall Dennehey, P.C., respectfully moves this Court to enforce the settlement reached by the parties during the settlement conference on March 31, 2023. In support thereof, Defendant submits the attached Memorandum of Law.

             Respectfully submitted,

             MARSHALL DENNEHEY, P.C.

             BY: _/s/ Lee C. Durivage_
               LEE C. DURIVAGE
               Identification Number: 205928
               MICHAEL C. BURKE
               Identification Number: 330858
               2000 Market Street, Suite 2300
               Philadelphia, PA  19103
               Phone: (215) 575-2584
               Email: lcdurivage@mdwcg.com
                   mcburke@mdwcg.com

             Attorneys for Defendant Caernarvon Township

Dated: September 1, 2023

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Schaffer's Automotive LLC; et al.          :
                                           :
            vs.                            :      Civil Action No. 22-03353
                                           :
Caernarvon Township; et al.                :

**DEFENDANT, CAERNARVON TOWNSHIP'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO ENFORCE SETTLEMENT**

**I.   PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

On August 22, 2022, Plaintiffs Schaffer's Automotive, LLC, William Schaffer, Ronald Schaffer, and Leona Schaffer filed a six-count Complaint, asserting several federal constitutional violations, as well as state law tortious interference and breach of contract claims. (ECF Doc. No. 1). In their Complaint, Plaintiffs named Caernarvon Township, Chairman Sandra Styer, Vice Chairman Paul Whiteman, Jr., Supervisor Jeffrey Vickers, Supervisor Allen Styer, III, Supervisor Jack Hess, Berks County District Attorney John Adams, and police officers Chad Eberly and Matthew Menna as Defendants. Thereafter, the Township Defendants, Mr. Adams, and Officers Eberly and Menna all moved to dismiss Plaintiffs' Complaint. (ECF Doc. Nos. 21, 12, 29).

On March 31, 2023, the parties appeared and participated in a settlement conference before the Honorable Pamela A. Carlos. The settlement conference lasted in excess of six hours and the parties agreed to resolve the lawsuit and the terms of the settlement were put on the record. Specifically, Judge Carlos articulated that "this matter is going to be resolved for all claims asserted and unasserted" with a monetary payment made to Plaintiffs, "a portion of which, depending on the parties' agreement, will be allocated for the non-disparagement portion of the agreement." See March 31, 2023 Transcript, at p. 6:8-6:17, attached as Exhibit "1.". Additional terms discussed on the record included that Plaintiffs may submit an application to be placed on Caernarvon

1

Township's tow rotation, in accordance with the Township's Tow Policy; all individual defendants will be dismissed from the case, with prejudice; there would be mutual non-disparagement between Plaintiffs and the Township; there would be no admission of liability by the Township; and an agreed upon Joint Statement would be read at the Township's Supervisors' meeting, stating:

> "The Schaffers and Caernarvon Township regret that this matter resulted in litigation, but are pleased that it has been resolved and look forward to working cooperatively in the future."

Ex. 1, at pp. 7:23-11:16; 12:9-12:22. Plaintiff, William Schaffer confirmed on the record that he had the authority to resolve on these terms by all Plaintiffs and that those terms were accepted by Plaintiffs as a settlement of the matter.

On April 11, 2023, the draft Settlement Agreement was provided to Plaintiffs' counsel. See April 11, 2023 email, attached as Exhibit "2." On April 12, 2023, Plaintiffs' counsel sent a letter to defense counsel (with a copy to Judge Carlos), claiming that the proposed settlement agreement "has been changed radically" from what was agreed to at the settlement conference. Specifically, Plaintiffs' counsel indicated that the proposed agreement was not acceptable to Mr. Schaffer because (1) "it has the Defendants released from any future or further claims;" (2) "the towing agreement was changed," citing that the time was increased from 20 minutes to 30 minutes and the mile radius was 25 miles; and (3) "my client is upset that the Board is allowed to object and not accept any agreement." See April 12, 2023 letter, attached as Exhibit "3." Within minutes of receiving counsel's letter, defense counsel asked him to send a redline of the Agreement back so it can be reviewed. See April 12, 2023 email, attached as Exhibit "4."

On April 24, 2023, Plaintiffs' counsel provided handwritten comments and revisions to the initial Settlement Agreement, most of which were wholesale deletions of the proposed Agreement, including deletion of the no admission of liability paragraph and an additional request for the

2

Township to include a mutual release of claims as to Plaintiffs. See Plaintiff's April 24, 2023 Letter with proposed revisions is attached as Exhibit "5."

On April 28, 2023, Moving Defendant's counsel provided Plaintiffs' counsel with a revised Draft Settlement Agreement. Though Moving Defendant's counsel informed Plaintiffs' counsel at that time that most of Plaintiffs' proposed changes were unacceptable, the parties were in agreement regarding deletion of release language concerning future claims. A copy of the April 28, 2023 revised Draft Settlement Agreement is attached as Exhibit "6."

Thereafter, Moving Defendant's counsel and Plaintiffs' counsel met via telephone on May 11, 2023 in an attempt to resolve outstanding issues with the proposed settlement agreement. Following this call, on May 15, 2023, Moving Defendant's counsel emailed Plaintiffs' counsel a second revised Draft Settlement Agreement, along with a redlined copy with counsel's revisions and comments. In this email, Defendant's counsel explained that, among other things, the non-disparagement language had been modified and a mandatory payment of attorneys' fees upon breach of the agreement had been removed, as had been requested by Plaintiff. A copy of the May 15, 2023 email with second revised draft Settlement Agreement is attached as Exhibit "7." At the same time, in an attempt to address Plaintiffs' contention that the towing agreement had been altered since the settlement conference, Moving Defendant's counsel forwarded Plaintiffs' counsel a copy of the towing agreement provided to the Court at the settlement conference. Notably, the towing agreement expressly contained the thirty-minute arrival requirement. A copy of the May 15, 2023 Email is attached hereto as Exhibit "8."[1]

---

[1] During the telephone conference on May 11, 2023, defense counsel explained that the Tow Policy that had been attached to the Settlement Agreement was already in place, having been approved by the Township in January 2023 and that the purpose of the revised mileage and minute requirement was to address the need to tow larger vehicles, something that Plaintiffs did not do.  Defense counsel also advised Plaintiffs' counsel that he would forward the email sent to Judge Carlos during the settlement conference, which had the redlined version of the changes that were voted on by the Township in January 2023.

3

Since that time, William Schaffer has steadfastly refused to sign the Settlement Agreement. As a result, the Court directed the parties to order a copy of the transcript from the March 31, 2023 Settlement Conference and then meet and confer about whether the matter can be resolved without further motion practice. After obtaining a copy of the hearing transcript and following the meet and confer, the Court held a status conference with the parties on July 28, 2023. As a result of the status conference, the Court entered an Order on August 4, 2023 directing Moving Defendant to file the instant motion within thirty days of the date of the Order. (ECF Doc. No. 60).

## II.    LEGAL ARGUMENT

### A.    A Valid and Enforceable Settlement Agreement Exists and Should be Enforced by the Court

As a matter of public policy, "settlement agreements are encouraged . . . because they promote the amicable resolution of disputes and lighten the increasing load of litigation faced by courts." *D.R. by M.R. v. E. Brunswick Bd. of Educ.*, 109 F.3d 896, 901 (3d Cir. 1997). "There is an offer (the settlement figure), acceptance, and consideration (in exchange for the plaintiff terminating his lawsuit, the defendant will pay the plaintiff the agreed upon sum)." *Muhammad v. Strassburger, McKenna, Messer, Shilobod and Gutnick*, 587 A.2d 1346, 1349 (Pa. 1991). "As with any contract, an agreement to settle a lawsuit binds a party if he voluntarily entered into it." *Roscoe v. Watco Co., LLC*, 2018 WL 2472596, at *2 (E.D. Pa. May 1, 2018) (quoting *Jordan v. Continental Airlines*, 1996 WL 571812, at *3 (E.D. Pa. Oct. 1, 1996), *aff'd*, 135 F.3d 764 (3d Cir. 1997)). The only essential prerequisite for an agreement to be valid is that the parties must mutually assent to the terms and conditions of the settlement. *Pugh v. Super Fresh Food Markets, Inc.*, 640 F. Supp. 1306, 1308 (E.D. Pa. 1986). Thus, when the parties reach a settlement agreement that contains all the elements and the requisites for a valid contract, a court must enforce the agreed upon terms of the settlement agreement. *See, e.g., McDonnell v. Ford Motor Co.*, 643 A.2d 1102,

4

1105 (1994); *see also Pennsbury Village Assocs., LLC v. McIntyre*, 11 A.3d 906, 914 (Pa. 2011) ("A settlement agreement will not be set aside absent a clear showing of fraud, duress, or mutual mistake.").

Moreover, "the Third Circuit has long recognized a federal district court's equitable jurisdiction to enforce settlement agreements based upon oral representations made by the litigants before it." *Zong v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 632 F. App'x. 692, 694 (3d Cir. 2015). To that end, "in the circumstances where the parties expressly contemplated that a formal, written recitation of their agreement would subsequently outline the agreed-upon terms articulated in a settlement conference, the parties may still walk away from the conference with an enforceable agreement." *Sang Koo Park v. Evanston Ins. Co.*, 2021 WL 5399908, at *3 (E.D. Pa. Nov. 18, 2021). "A party's change of heart between the time they agree to the settlement terms and when the terms are reduced to writing is not sufficient to revoke the agreement." *Id* (citing *Forba v. Thomas Jefferson Univ. Hosp.*, 2016 WL 3661760, at *3-4 (E.D. Pa. July 8, 2016), *aff'd*, 666 F. App'x. 106 (3d Cir. 2016)); *see, e.g, Ismail v. Interstate Resources Inc.*, 842 F. App'x. 821, 824 (3d Cir. 2021) (holding plaintiff's refusal to sign settlement documents did not invalidate settlement agreement reached and placed on the record at prior settlement conference).

In the instant case, the terms of the settlement agreement were negotiated and agreed upon at the settlement conference held on March 31, 2023. They were further memorialized on the record by Magistrate Judge Carlos, which included:

- A release of all past and present claims asserted and unasserted against Defendants, with each side bearing the costs of attorneys' fees;

- A stipulation of dismissal of all individual defendants;

- Plaintiffs may submit an application to be added to Caernarvon Township's rotation of towing and salvage services, in accordance with the Township's Policy;

5

- Mutual non-disparagement;

- An agreed upon Joint Statement to be read at the next Township Board meeting and to be used in response to all future inquiries regarding this lawsuit;

- Monetary consideration being paid to Plaintiffs;

At no time during this Court's review and memorialization of these terms on the record did Plaintiffs object or otherwise attempt to modify the settlement agreement. In fact, the hearing transcript, itself, demonstrates that, at various stages of the Court's review of these terms, William Schaffer, acting on behalf of all Plaintiffs, confirmed that he understood these to be the terms of settlement and that he had the authority to act on behalf of Plaintiffs.

Despite the fact that the terms were put on the record and then submitted to writing in an actual Settlement Agreement, Plaintiffs have repeatedly obstructed good faith efforts to bring about final resolution of this matter by refusing to execute the Settlement Agreement. Notably, Caernarvon Township agreed to make revisions to the agreement to address the specific concerns about the release of future claims and the breadth of the mutual non-disparagement policy that were raised by Plaintiffs' counsel. Indeed, the only current issue appears to be Plaintiffs' desire to revoke and/or restrict the Township's Towing and Abandoned Vehicles Policy that was updated in January 2023 to increase the time (from 20 minutes to 30 minutes) and mileage radius (10 miles to 25 miles) for companies to be considered under the policy.[2] Plaintiffs were well aware of these changes, having attended the Township meeting, and the redline of the January 2023 Policy was provided during the Settlement Conference. Notwithstanding the foregoing, there is no requirement for Plaintiffs to actually submit an application to be placed on the tow rotation, as the

---

[2] As noted previously, this change had gone into effect in January 2023, the purpose of the change was unrelated to any business Plaintiffs did (or could do) with the Township, and Mr. Schaffer was well aware of the number of other companies on the tow rotation because that issue was discussed at length during the settlement conference.

6

monetary amount to be paid to Plaintiff was sufficient consideration for the resolution of the matter.

There is no question in this case that there is a valid and enforceable settlement agreement. A cursory review of the March 31, 2023 transcript demonstrates that the Parties reached a settlement agreement on March 31, 2023 containing the essential terms discussed herein. Plaintiffs' sudden "change of heart" following the conclusion of the settlement conference is simply not sufficient to set aside this settlement agreement. Accordingly, the terms of this agreement, as with any other contract, must be enforced by this Court and Plaintiffs should be directed to execute the Settlement Agreement provided to Plaintiffs' counsel on May 15, 2023.

### III. CONCLUSION

Based upon the foregoing, Defendant Caernarvon Township respectfully requests that the Court grant its Motion to Enforce Settlement and enter an Order enforcing the Settlement Agreement discussed herein.

Respectfully submitted,

**MARSHALL DENNEHEY, P.C.**

BY: _/s/ Lee C. Durivage_
LEE C. DURIVAGE
Identification Number: 205928
MICHAEL C. BURKE
Identification Number: 330858
2000 Market Street, Suite 2300
Philadelphia, PA  19103
Phone: (215) 575-2584
Email: lcdurivage@mdwcg.com
          mcburke@mdwcg.com

Attorneys for Defendant Caernarvon Township

Dated: September 1, 2023

## CERTIFICATE OF SERVICE

I, Lee C. Durivage, Esquire, do hereby certify that a true and correct copy of Defendant Caernarvon Township's Motion to Enforce Settlement and Memorandum of Law in Support of their Motion to Enforce Settlement was served upon all counsel by electronic service through the Court's ECF system at the following address:

Samuel C. Stretton, Esquire
**Law Office of Samuel C. Stretton**
103 South High Street, PO Box 3231
West Chester, PA 19381
*Attorney for Plaintiff*

Andrew B. Adair, Esquire
**Deasey Mahoney Valentini North, Ltd.**
103 Chesley Dr., Suite 101
Media, PA 19063
*Attorney for Defendant John Adams*

David J. MacMain, Esquire
**MacMain Leinhauser, LLC**
433 West Market Street, Suite 200
West Chester, PA 19382
*Attorneys for Defendants Officer*
*Chad Eberly and Officer Matthew Menna*

MARSHALL DENNEHEY, P.C.

BY: _____
LEE C. DURIVAGE

Dated: September 1, 2023